PER CURIAM.
R.M., the father, and E.H., the mother, appeal from an order terminating parental rights to their children, Z.M. and I.M. We affirm on all issues without discussion except for the argument that section 27.5304(6)(b)l.b, Florida Statutes (2007), is unconstitutional.
Chapter 27, part III of the Florida Statutes, governs Public Defenders and Other Court Appointed Counsel. Section 27.5304(6)(b), entitled “private court-appointed counsel; compensation,” provides:
(6) For compensation for representation pursuant to a court appointment in a proceeding under chapter 39:
[[Image here]]
(b) At the trial level, compensation for representation in termination of parental rights proceedings shall not exceed $1,000 for the first year following the date of appointment and shall not exceed $200 each year thereafter. Compensation shall be paid based upon representation of a parent irrespective of the number of case number's that may be assigned or the number of children involved, including any children born during the pendency of the proceeding. Any appeal, except for an appeal from an order granting or denying termination of parental rights, shall be completed by trial counsel and is considered compensated by the flat fee for termination of parental rights proceedings. If the individual has dependency proceedings ongoing as to other children, those proceedings are considered part of the termination of parental rights pro *796 ceedings as long as that termination of parental rights proceedings is ongoing.
1. Counsel may bill the flat fee not exceeding $1,000 30 days after rendition of the final order. Each request for payment submitted to the Justice Administrative Commission must include the trial counsel’s certification that:
a. Counsel discussed grounds for appeal with the parent or that counsel attempted and was unable to contact the parent; and
b. No appeal will be filed or that a notice of appeal and a motion for appointment of appellate counsel, containing the signature of the parent, have been filed.
When the father’s notice of appeal was filed, his counsel, pursuant to this statute, had him sign the notice of appeal as well as a note thereon which stated that he was signing it under protest. He argues through appellate counsel, who was also his trial counsel, that this statute is unconstitutional because “[a] TPRed client who became lost to his/her attorney that wanted to appeal the TPR order could be faced with being missing and unavailable to sign the motion for appellate counsel and the notice of appeal [thereby] losing his/her right to appeal forever.”
This argument suggests that under this statute a court-appointed attorney who cannot find his client after a final order is entered cannot file a notice of appeal which is not signed by the client. That is not what the statute says. Section 27.5304(6)(b)l.b only requires that in order for counsel to receive payment for his trial level representation, he must certify that (1) he has discussed grounds for appeal with the parent or he has tried to contact the parent and was unable to; and (2) an appeal has not been filed or an appeal has been filed as well as a motion for appointment of appellate counsel signed by the parent. The statute does not require that the notice of appeal be signed by the parent, only the motion for appointment of counsel.
Section 27.5304(6)(b)l.b does not modify the procedural rules which govern who is required to sign a notice of appeal. A parent is not required to sign the notice of appeal in his/her termination of parental rights case in order for the notice to be sufficient to obtain appellate jurisdiction of his/her ease.

Affirmed.

POLEN, HAZOURI and CIKLIN, JJ, concur.